IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| AARON LUCIANI,  )<br>  )<br>  Plaintiff,  )<br>  )<br>v.  )<br>  )<br>VIRGINIA STATE BOARD OF  )<br>ELECTIONS, et al.,  )<br>  )<br>  Defendants.  )<br>  ) | Civil Action No. 7:20CV401<br><br>**ORDER**<br><br>By: Hon. Glen E. Conrad<br>Senior United States District Judge |

This matter is before the court on plaintiff Aaron Luciani's emergency motion to amend the order and judgment against the Virginia State Board of Elections and certain officers of the Commonwealth of Virginia sued in their official capacities (collectively, the "Board of Elections"). For the reasons stated, the court will deny the motion.

Luciani holds himself out as a candidate for United States House of Representatives in Virginia's 6th Congressional District. On July 30, 2020, following a motion for a preliminary injunction, the court entered an order that allowed Luciani to submit his petition to be placed on the general election ballot no later than August 1, 2020, at 7:00 p.m., with at least 350 qualified voter signatures due to the difficulties of signature gathering during the ongoing COVID-19 pandemic and resultant stay at home orders issued by the Commonwealth of Virginia. See ECF No. 12.[1] In so doing, the court applied the timing and conditions granted to other third-party and independent candidates who recently concluded a bench trial before Judge John A. Gibney, Jr. in the United States District Court for the Eastern District of Virginia. See Constitution Party of Virginia v. Virginia State Bd. of Elections, No. 3:20-CV-349, 2020 WL 4001087 (E.D. Va. July

---

[1] In the ordinary course, Luciani would have needed to submit 1,000 qualifying signatures by June 9, 2020. See Va. Code Ann. §§ 24.2-506(A)(2), 24.2-507(1).

15, 2020).[2]  During the July 29, 2020 hearing on his motion, Luciani stated that he had gathered more than enough signatures, but acknowledged that there was a risk he might not have 350 qualified voter signatures.  See Va. Code Ann. § 24.2-506(A) (candidate petitions must be signed by "qualified voters"); Va. Code Ann. § 24.2-521.  The court concluded that Luciani should be subject to the same petition requirements that Judge Gibney had granted to other candidates, whom Luciani conceded had acted in a more timely manner than he had.  Luciani agreed that he would be satisfied with those requirements, and ultimately received all the relief that he requested.  See ECF No. 12.

In the present motion, Luciani now asks for more time to submit his petition: until August 21, 2020.  He states that although he had gathered more than 500 signatures, he belatedly discovered that he did not obtain 350 qualified signatures.  He attributes at least part of this problem to the fact that some individuals who signed his petition failed to provide an address and his inability to find a notary on a Saturday.  See ECF No. 13; see also 1 Va. Admin. Code 20-50-20(C)(5) (setting forth requirements for verifying that a petition signer's address matches the address in Virginia's voter registration system).  The Board of Elections has filed a written response, and the court held a telephonic hearing on August 6, 2020 during which both parties provided argument.  As stated during the hearing, the court will deny Luciani's motion.

First, the court's reasons for selecting August 1, 2020 as Luciani's submission date still stand.  Luciani has not submitted any intervening authority or new evidence to explain why the "rough[] balance" between the difficulty of complying with Virginia's signature requirements during the COVID-19 pandemic and "the Commonwealth's need to have a fair and honest election" is now faulty.  Constitution Party of Virginia, 2020 WL 4001087, at *8; Burdick v.

---

[2]  Luciani had attempted to join this litigation, but Judge Gibney denied his motion to intervene as untimely.  See ECF No. 15-1.

Takushi, 504 U.S. 428, 434 (1992); see also Jenness v. Fortson, 403 U.S. 431, 442 (1971) ("There is surely an important state interest in requiring some preliminary showing of a significant modicum of support before printing the name of a political organization's candidate on the ballot—the interest, if no other, in avoiding confusion, deception, and even frustration of the democratic process at the general election."). Further, Luciani admitted during the July 29 hearing that he was aware of the risk that some of his signatures might not pass muster, stating that he was hoping to double the required number in order to account for that possibility. The court expressly considered that risk during the hearing as well. Nothing changed since the court's July 30 order in that respect. Nor, to the court's knowledge, has anything about the COVID-19 pandemic materially changed regarding Luciani's ability to gather signatures. Thus, the motion fails under Federal Rule of Civil Procedure 59(e) and Rule 60. See Bradley v. Work, 154 F.3d 704, 709 (7th Cir. 1998) (denying Rule 59(e) motion to amend judgment related to elections where plaintiffs had not submitted "new" evidence, but instead relied on facts previously available to them).

Second, Luciani's request fails under the doctrine of laches, which the Board of Elections alluded to during the July 29 hearing. Laches requires proof of two elements: "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." Perry v. Judd, 471 F. App'x 219, 224 (4th Cir. 2012) (citation omitted). Here, Luciani did not request an August 21, 2020, deadline until he filed the present motion.[3] Beyond that, Luciani admits that certain of his signatures failed for lack of an accompanying address. Luciani surely could have seen and accounted for that issue with adequate diligence, either at the time each

---

[3] Nor has Luciani shown why it is fair or equitable for him to receive more favorable treatment than other candidates with whom he is similarly situated, all of whom presumably acted under the same set of impediments that Luciani now claims. More generally, the court views Luciani's motion unfavorably after the court previously granted Luciani all the relief he requested, he assured the court that he would be satisfied with the August 1, 2020 date, and he stated that he had gathered the requisite number of signatures.

signature was gathered or by reviewing them earlier. Id. (affirming denial of injunction where movant "wait[ed] until the eleventh hour" but "had every incentive" to act earlier). Moreover, if the court were to grant Luciani's request, the Board of Elections would suffer prejudice in preparing for the general election, because it would be forced to delay other necessary work in order to process Luciani's late-coming petition. See Constitution Party of Virginia, 2020 WL 4001087, at *3 (citing testimony from the Commissioner for the Virginia Department of Elections that "moving the congressional signature deadline to August 21, 2020, would require the Department of Elections to undertake a 'monumental' effort to finalize the ballots by the federal absentee ballot deadline"). During the initial hearing in this case, counsel for the Board of Elections stated that the Board had been prepared for some time to accept the congressional candidate petitions on August 1, 2020. During the August 6 hearing, the Board of Elections elaborated on the numerous other duties it has related to the 2020 general election. To start, the Board of Elections must verify the signatures that have been submitted by other candidates. Yet the Board must also prepare for the logistics of conducting a general election in a pandemic, such as gathering personal protective equipment and issuing guidance to localities. Taking the time to review Luciani's petition would prejudice the Commonwealth's ability to accomplish those tasks. Therefore, the court finds further, independent grounds for denying Luciani's motion. See Perry, 471 F. App'x at 228.

Third, the court believes that "changing the election rules so close to the election date" and the date when absentee ballots must be printed and distributed would violate precedent from the United States Supreme Court. See Republican Nat'l Comm. v. Democratic Nat'l Comm., __U.S.__ 140 S. Ct. 1205, 1207 (2020) ("This Court has repeatedly emphasized that lower federal courts should ordinarily not alter the election rules on the eve of an election.") (collecting

authority).  As the United States Court of Appeals for the Fourth Circuit has stated: "These are not just caution lights to lower federal courts; they are sirens."  Perry, 471 F. App'x at 228.  The court will not disrupt the Board of Election's current, essential tasks—potentially compromising election integrity—in order to accommodate Luciani's late motion.  See League of Women Voters of N.C. v. North Carolina, 769 F.3d 224, 236 (4th Cir. 2014) (declining to alter election deadline that would result in a "very tight timeframe," which "represent[ed] a burden not only on the State, but also on the county boards of elections").

For the reasons stated above and during the August 6, 2020 hearing, it is hereby

**ORDERED**

that Luciani's motion, ECF No. 13, is **DENIED**.  Inasmuch as the plaintiff's request for interlocutory relief is denied, the plaintiff shall have ten days to advise the court and all parties as to whether he desires to proceed with this case.  Should the plaintiff fail to respond or otherwise plead in the time allotted, the case will be dismissed as moot.

The Clerk is directed to send copies of this order to Luciani and all counsel of record.

DATED: This 6th day of August, 2020.

                                                    Senior United States District Judge