**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Roanoke Division**

| | | |
|---|---|---|
| **AARON LUCIANI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil Action No. 7:20-cv-00401** |
| **VIRGINIA STATE BOARD OF ELECTIONS,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | | |

## MOTION TO DISMISS AS MOOT

In this case, Plaintiff Aaron Luciani, a former potential independent candidate for the United States House of Representatives, sought relief from the Court to extend the June 9 petition filing deadline required under Virginia Code § 24.2-507 to August 1 and to reduce the number of petition signatures required under Virginia Code § 24.2-506 from 1,000 to 350. That extended deadline has passed, and plaintiff shows no evidence of submitting any petition signatures to the Department of Elections. When plaintiff requested that the filing deadline be further extended, this Court denied that request at a hearing on August 6. No further relief is requested by, or available to, plaintiff. Accordingly, this case is moot and must be dismissed.

## BACKGROUND

Following his unsuccessful attempt to intervene in *The Constitution Party of Virginia v. Virginia State Board of Elections*, Civil Action No. 3:20-cv-349 (JAG) (E.D. Va. July 10, 2020) (Dk. No. 44) (attached as **Exhibit A**), Plaintiff Aaron Luciani filed this action on July 13, 2020. Luciani, an independent candidate for the United States House of Representatives, sought a reduction in the number of signatures of registered voters—from 1,000 to 350 signatures—that he was required to collect in order to qualify to be placed on the November 3, 2020 General Election

ballot. (Dk. No. 3). Additionally, he waited more than a month after petition signatures were required to be filed to seek a 52-day extension of the deadline—from June 9, 2020 to August 1, 2020.

On July 30, after hearing argument from the parties, the Court entered an Order granting Luciani *all* the relief that he sought in his July 13 Motion. Yet, despite the reduced number of signatures required and increased time to obtain them, Luciani was unable to gather even the modest number of signatures of registered voters by the August 1 deadline imposed by the Court.

On August 4—nearly two months after the petition signature filing deadline—Luciani filed an additional Emergency Motion to Amend Order and Judgment, requesting that the Court further reduce the petition signature requirement or extend the petition signature deadline to August 21. (Dkt. No. 13). On August 7, the Court entered an Order denying that motion and ordering that if the plaintiff did not respond or otherwise plead within ten days, the case would be dismissed as moot. (Dkt. No. 17).

## APPLICABLE LAW

Rule 12(b)(1) of the Federal Rules of Civil Procedure enables a party to move for dismissal by challenging a court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *see Nelson v. United States Postal Serv.*, 189 F. Supp. 2d 450, 454 (W.D. Va. 2002). A court must dismiss a case where it finds subject matter jurisdiction lacking. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006*)*. A plaintiff bears the burden of proof to establish that federal subject matter jurisdiction is proper. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). A court may dismiss a complaint which fails to allege facts demonstrating subject matter jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Mootness is appropriately raised pursuant to a motion to

dismiss under Rule 12(b)(1). *See, e.g.*, *Nat'l Ass'n of Pharmacy v. Bd. of Regents of the Univ. Sys. of Ga.*, 633 F.3d 1297, 1308 (11th Cir. 2011).

## ARGUMENT

"A court loses jurisdiction over a case when it becomes moot." *Kuntze v. Josh Enters.*, 365 F. Supp. 3d 630, 639-640 (E.D. Va. 2019) (quoting *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013)). The mootness doctrine arises from the "case and controversy" requirement of the United States Constitution. U.S. Const, art. III, § 2. "[A] case is moot when the issues presented are no longer "'live' or the parties lack a legally cognizable interest in the outcome.'" *Kuntze*, 365 F. Supp. at 640 (quoting *Simmons v. United Mortg. And Loan Inv., LLC*, 634 F.3d 754, 763 (4th Cir. 2011)). This case is moot for two reasons. There is no longer any justiciable controversy in this case, as this Court has granted the relief originally requested by the plaintiff, and there is further no additional relief available to plaintiff.

First, there is no longer any justiciable controversy concerning Luciani's ability to procure petition signatures because the deadline to file those signatures has passed and the Court has declined to further extend that deadline. Second, there is no further relief available to plaintiff. Plaintiff sought an injunction and declaratory judgment extending the petition filing deadline or reducing the number of petition signatures required to qualify for the November 2020 ballot. The extended deadline has already passed and the Court declined to further extend the deadline, so there is nothing for this Court to further declare or mandate.

## CONCLUSION

This case is moot and therefore should be dismissed with prejudice.

Respectfully submitted,

By: __/s/ Carol L. Lewis____

Mark R. Herring
   *Attorney General*

Erin B. Ashwell (VSB No. 79538)
   *Chief Deputy Attorney General*

Donald D. Anderson (VSB No. 22114)
   *Deputy Attorneys General*

Heather Hays Lockerman (VSB No. 65535)
*Senior Assistant Attorneys General*

Carol L. Lewis (VSB No. 92362)
*Assistant Attorney General*

Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 692-0558 – Telephone
(804) 786-2650 – Facsimile
clewis@oag.state.va.us

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 10, 2020, a true and accurate copy of this paper was filed electronically with the Court's CM/ECF system, which will then send a notification of such filing to the parties. Additionally, a true and accurate copy of this paper was sent to Aaron Luciani at lucianiaaron44@gmail.com.

By:      */s/ Carol L. Lewis*
               Carol L. Lewis
